IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


ENRIQUE ACOSTA,

      Petitioner,

v.                                                            CASE NO. 5:07-cv-00033-RS-AK

SCOTT A. MIDDLEBROOKS,

      Respondent.

_____/

**REPORT AND RECOMMENDATION**

    This matter is before the Court on Doc. 1, § 2241 Petition for Writ of Habeas Corpus,

filed by Enrique Acosta.  While Petitioner was convicted in the United States District Court for

the Southern District of Florida, his petition is properly filed in this Court since Petitioner is

presently confined at FCI Marianna.  Petitioner has not paid the filing fee or sought leave to

proceed *in forma pauperis*.  In the interest of judicial economy and expediency, the Court will

consider the petition; nevertheless, it should be dismissed because it is not a habeas action.

    According to the petition, Petitioner suffers from "a very severe and painful injury on his

right arm."  *Id*. at 3.  He "has tried to obtain specialized medical attention through the medical

staff...in order to have his injury tested and cured according[ ] to his severity."  *Id*.  On January

10, 2007, the Bureau of Prisons determined:

Dockets.Justia.com

> Relevant portions of your medical record have been reviewed which reveal you suffer from right arm degenerative joint disease involving the elbow due to an injury you sustained in 1984. FCI Marianna medical staff submitted a request to have you transferred to FMC Rochester, for evaluation and treatment. The Office of Medical Designation and Transportation reviewed your medical record and determined your condition can be managed conservatively and the request was denied. As such, surgery of your right arm is denied. FCI Marianna medical staff will continue to provide you conservative treatment. The record reflects you have received medical care and treatment in accordance with Bureau policy.

*Id*. at Ex. D. In Petitioner's view, he is entitled to "specialized medical attention which requires intensive surgery and post-surgical rehabilitation," and because of the BOP's refusal of such treatment, he "is living under inhuman and unconstitutional conditions." *Id*. at 5. According to him, he

> is suffering an indescribable suffering from the injury on his right arm. Petitioner has progressively [lost] the strength of his arm to the point that he can not [raise] it to the level of his fact. In addition, Petitioner's arm is [losing] body and is getting thinner every day. Petitioner finally claims his constitutional civil rights are being violated by the way he has been submitted to live under the conditions of his current imprisonment.

*Id*. at 7.

Without dispute, prison authorities "are required by statute to provide for the safekeeping and care of all persons charged with or convicted of offenses against the United States." *Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990); *see also* 18 U.S.C. 4042. "Deliberate indifference to a prisoner's medical needs is proscribed by the Eighth Amendment." *Id*.

The question initially presented in this case is whether § 2241 is the proper vehicle for bringing a claim of deliberate indifference to a medical need when a petitioner seeks only transfer to a federal medical facility for a different course of treatment than that afforded at his present place of incarceration. While habeas corpus is usually reserved for situations where the

petitioner attacks the fact or duration of his confinement, it use "as a vehicle for relief from prison conditions has not been addressed by the Supreme Court." *Id*. at 1126. However, in the Eleventh Circuit, "relief from prison conditions that violate the Eighth Amendment...is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment." *Id*. "[R]elief of an Eighth Amendment violation does not include release from confinement." *Id*.

In this case, Petitioner does not seek release from incarceration, and he does not attack the fact of his incarceration. Instead, he alleges an Eighth Amendment violation of deliberate indifference to a serious medical need and seeks relief to cure that indifference, i.e., "to bring his treatment up to constitutional standards." *Id*. at 1127. This is precisely the type of relief available to a federal prison under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Thus, without expressing a view as to the merits of his claims, this is plainly a matter appropriate for consideration under *Bivens*, not under § 2241.

Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and that is cause be **DISMISSED WITHOUT PREJUDICE** so that Petitioner may seek relief pursuant to the proper avenue.

**DONE AND ORDERED** this  **13th**  day of February, 2007.

**_s/ A. KORNBLUM_**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.